PELTIER *vs.* J. E. COLLINS.

ERROR from the New-York common pleas. J. & E. Collins sued Peltier in the common pleas, in an action of assumpsit to recover damages for the breach of a contract in not receiving and paying for a quantity of rice alleged to have been sold by the plaintiffs to the defendant. The plaintiffs recovered a verdict and entered judgment, which was brought into this court by writ of error, on a bill of exceptions taken at the trial.

One J. J. Werth, a produce broker in the city of New-York, on the 11th April, 1826, shewed to the defendant several samples of rice which he had obtained of the plaintiffs, and for which they asked three and a quarter cents by the pound. He shewed him a sample of two parcels, one marked H. G. containing 76 tierces, and the other G. containing 73 tierces, which the defendant said he would take. The defendant asked the broker if he thought he could not get the rice for three and one eighth cents per pound, who answered that he thought the plaintiffs would not take less than three and one quarter cents per pound, and added that the mark H. G. was all of one crop and from one plantation, and would be warranted as to quality by the plaintiffs. The defendant said he would examine it in the *cask,* and satisfy himself as to the quality, if he made the purchase ; that he must have his own terms if he bought it ; that if the plaintiffs would give him the choice to take four months credit, or three per cent. discount for cash, that witness might make the purchase. The defendant however reserved to himself the right to examine the rice in the casks, and to approve or disapprove of the bargain, as he should think fit on such examination. The broker went to the plaintiffs, and stated that he had found a purchaser for the two parcels H. G. and G., provided they would sell on a credit of four months or three per cent. discount for cash, at the option of the purchaser. The plaintiffs, on being informed who was the purchaser, said he should

A *warranty* for the quality of an article in the sale of chattels when made is an essential part of a bargain, and should be stated in the note or memorandum ; the omission of it renders the contract void, and *parol* evidence is inadmissible to take the case out of the operation of the statute of frauds.

The object of the note or memorandum is not merely to prove that there was a bargain, but to shew what it was----at least the extent and entirety of the consideration for the promise, for the breach of which the action is brought.

There is no contract if there be a material difference between the note of the bargain delivered by a broker to the vendee and that delivered to the vendor.

have the rice. The broker observed that he had stated to the defendant that the plaintiffs would warrant the parcel of 76 hogsheads, upon which they replied that they would warrant the whole. One of the plaintiffs wrote a memorandum of the agreement in a book of the plaintiffs, which the broker signed. The broker went to his own office, and wrote and signed a memorandum of the bargain for the purchase of the rice in his own memorandum book, of which he gave a copy the next morning to the defendant at the defendant's office. The book in which the plaintiffs wrote the memorandum was entitled, "Memorandum book of J. G. Collins and son." The memorandum was written on the 40th or 50th page from the beginning of the book, (the intermediate pages being written up with entries of sales and purchases in a similar form to the entry in this case, made from time to time, and subsequent entries were made in like manner,) in the following words : ' New-York, April 11, 1826. Sold F. Peltier, at 4 months or 3 pr. ct. for cash, H. G. 76 tierces rice, and G. 73 tierces rice $3¼ per 100 lb. pr.⅜ J. J. Werth. For acct. J. H. Glover and Rice, No. 71. Schr. Garguer. In acct. J. F. & Co. I certify the above to be correct, (signed) Jno. J. Werth." The entry in the broker's book was in the following words : "New-York, April 11, 1826. Purchased from J. G. Collins and son by order and for account of F. Peltier, Esq. H. G. 76, G. 73—149 tierces rice, as per samples, at 3¼ cents, 4 mos. credit or 3 pr. ct. disct. for cash, at the option of the buyer, with guaranty of the quality, (signed) Jno. J. Werth, Broker." When the broker handed the copy of the memorandum to the defendant, he objected to it because the broker had not inserted in it that the defendant was to have the privilege of looking at the rice in the cask before making the purchase. The broker told him that the quality of the rice was warranted by the plaintiffs, and therefore there could be no difficulty about it. The defendant made no reply, neither saying that he was satisfied or dissatisfied. Within a day or two after the purchase thus made, the defendant went with the broker to examine the rice ; he approved of the parcel marked H. G., and told the plaintiffs he would take it, but disapproved

of the other parcel, and said he would not take it. On the 25th April, one of the plaintiffs informed the defendant that he was ready to comply with the contract on his part, and that if the defendant did not take away the rice on that day, they, the plaintiffs, would sell it on the succeeding Saturday, on the defendant's account. The defendant said he did not consider the rice as his, and that he would not take it. On the 2d May it was sold at auction at a loss of $215,78, for the recovery of which the action was brought.

ALBANY,
January, 1830.

Peltier
v.
Collins.

The declaration con tained several ccunts. The first count set forth that on, &c. at, &c. the defendant bargained for and bought of the plaintiffs, and the plaintiffs, at the special in-stance and request of the defendant, then and there sold to the defendant a large quantity of rice, to wit, 149 tierces of rice, amounting to 88,153 pounds net weight, at the rate of $3,25 per 100 pounds, to be delivered by the plaintiffs to the defendant, and to be paid for in four months thereafter, or to be paid for in cash, with three per cent. discount or deduction from the said price, at the option of the defendant; and in consideration thereof, and that the plaintiffs, at the like special instance and request of the defendant, had then and there un-dertaken and faithfully promised the defendant to deliver the rice to him the defendant, he, the defendant, undertook and then and there faithfully promised the plaintiffs to accept the rice of and from them, the plaintiffs, and to pay them for the same in four months thereafter, or to pay them in cash, after making the discount or deduction aforesaid. Then follows an averment of a readiness on the part of the plaintiffs to deliver, &c. and a breach on the part of the defendant &c. The second count was similar to the first, setting forth the special contract. The third count was for goods bargained and sold, without delivery. Then followed the common counts for goods sold and delivered, quantum meruit and the money counts. The defendant pleaded the general issue.

On the trial of the cause, the reading in evidence of the memorandum entered in the plaintiff's book, and signed by the broker, was objected to by the defendant, but allowed by the judge. After the evidence for the plaintiffs was closed, the defendant moved that the plaintiffs be nonsuited, because,

1. The memorandum in the plaintiff's book not containing the whole agreement as made by the broker, particularly the names of the plaintiffs as sellers of the rice and the warranty as to the quality thereof, was not binding upon the defendant; 2. That the memorandum made in the broker's book was the only memorandum upon which the defendant could be charged, if any, and that was not declared upon. The motion for a nonsuit was denied by the judge, who charged the jury that the memorandum in the plaintiff's book was in law a sufficient note or memorandum in writing of the contract or agreement, and the signing by the broker was sufficient to charge the defendant; that the memorandum was not void or invalid by reason that the names of the plaintiffs were not inserted therein, the same being entered in the sale book of the plaintiffs, in which the sales and purchases made by them from time to time were entered; nor was the same void or invalid because it did not contain the whole agreement in setting forth the warranty, it being competent to the defendant to shew and prove such warranty as part of the agreement, although not contained in such memorandum, and that the memorandum was binding upon the defendant, and the plaintiffs were entitled to recover unless the jury should be of opinion that the broker, in making the agreement, had exceeded the authority given him by the defendant; and that even in such case, if they should be of opinion that the defendant had subsequently ratified the agreement, the plaintiffs were entitled to recover. The jury found for the plaintiffs, with $233,84 damages, and six cents costs. The defendant excepted to the charge and to the various decisions made by the judge.

*W. Slosson,* for plaintiff in error. The action, if sustainable, must be supported under the special counts, which are founded wholly on the memorandum in the plaintiff's book, which is void within the statute of frauds. A memorandum must state the contract with reasonable certainty, so that the substance of it can be made to appear and be understood from *the writing itself,* without having recourse to parol proof. (3 Johns. R. 399.) This memorandum did not contain the

names of the sellers, which is indispensably necessary. (4
Bos. & Pul. 252.) It omitted the warranty, an essential and
vital part of the agreement. It was entirely different from Peltier
the copy given the defendant: this is a fatal objection. (5 v.
Taunton, 786. 1 Holt's R. 172.) It did not contain the Collins.
whole agreement. (3 Johns. R. 210 5 East, 10.) The
entry in the broker's book was the only proper entry of the
bargain. (Starkie on Ev. pt. 4, p. 614.) If the evidence of
the warranty was admissible, the plaintiffs should have been
nonsuited for the variance between the contract as proved
and declared on. (1 Chitty's Pl. 299, 300, 340. 2 East, 145.
7 Cowen, 85. 18 Johns. R. 451. 8 Cowen, 35. 4 id. 406.)

*G. Clark*, for defendants in error. The authority of the
broker to bind the defendant was summitted to and passed
upon by the jury, and found against him; and their finding
is conclusive upon that question. (3 Burr. 1921. 14 Johns.
R. 484. 4 Johns. Ch. R. 699.)

The memorandum in this case has all the essentials re-
quired by statute to render it valid and binding, even with-
in the decision in 3 Johns. R. 399. It is the *fifteenth* sec-
tion of the statute of frauds which applies to this case, and
it differs from the *eleventh* section. The latter requires the
*agreement* to be in writing; the former is complied with if
there be a *note* or memorandum in writing of the bargain.
The consideration need not be stated, nor any thing beyond
the fact of a sale; the particulars of the agreement may be
proved by *parol*. (6 East, 307, 4 Wheaton, 91, n. 3 Star-
kie's Ev. 1048, n. g.) All that is required is a note or *me-
morandum*, importing an imformal writing done on the spot,
at the moment, in the hurry of commercial business. (14
Johns. R. 492. 13 Mass. R. 142.)

The memorandum being entered in the book of sales and
purchases of the plaintiffs, kept expressly for such purposes,
was equivalent to an actual signing, and, in this respect, this
case differs most essentially from the case in 4 Bos. & Pul.
where the memorandum was made in a common memoran-
dum book, and was signed by the vendor only. The note in
this respect was sufficient. (2 Bos. & Pul. 238. 2 Caines,

117.) There was no necessity that the warranty should appear on the face of the memorandum, or, in others words, the mutuality of the contract need not appear. (4 Wheaton, 91, n.) There was no essential difference between the memorandum in the plaintiffs' book and the copy delivered the defendant ; the only difference is as to the clause of warranty, which need not be stated. But even in this respect the memorandum in the plaintiffs' book shews it was a sale by sample which always amounts to a warranty. Suppose the vendee signs a note acknowledging the purchase and promising payment, and the vendor another acknowledging the sale and warranting the article, can it be objected that there is a variance in the two notes ? The memorandum made *at the time* of the sale, and not an entry made *afterwards,* as here, in the broker's book, should be regarded as the note of the sale. There was no variance between the contract as proved and as declared on ; the warranty was a distinct and collateral matter which need not be stated. (1 Chitty, 301. 1 Saund. 234, n. 2. 1 T. R. 645, 616.) If there was a variance the plaintiffs might recover on the third count. (1 Chitty, 304. 1 East, 194. 2 Chitty, 17. 4 Esp. 251. 7 T. R. 67.) The plaintiffs might also recover on the general counts, the contract having been in fact executed by the sale of the goods after notice, in which they acted barely as the agents of the vendee. (4 Esp. 251. 5 Johns. R. 395.)

*Slosson,* in reply. Where the agreement is reduced to writing, parol evidence of *further terms* is inadmissible, (Long, on Sales, 117, § 9 ; 4 Camp. R. 22 ;) the evidence of the warranty, therefore, ought not to have been received. As to the construction put upon the *fifteenth* section of the act ; it is admitted the memorandum may be informal, but it must contain the substance, or the terms of the contract, and such was the decision upon this very section. (3 Johns. R. 399. See also 14 id. 487.) Parol evidence is inadmissible to *add to* the note or memorandum in writing. (4 Wheaton, 92, 3, in note.) If there was a warranty, the declaration should have stated, that in consideration the the plaintiffs would sell *and warrant* the property, the defendant agreed, &c. ;

the warranty is a part of the consideration, and being omitted the variance is fatal.

ALBANY,
January, 1830.

Peltier
v.
Collins.

*By the Court,* MARCY, J.　It is quite evident that the plaintiffs below could not recover on a contract without warranty, because the defendant never authorised the agent to make a contract of that description. The writing did not shew such a purchase as the agent was authorised to make or as he did in fact make. Did the judge err in allowing the warranty to be proved by parol?

This contract is within the 15th section of the statute of frauds, and to be binding must be in writing. Roberts says, that the written agreement or memorandum must set forth distinctly the terms of the contract or promise, either by its own contents and expression, or by direct reference to something extrinsic which may render it intelligible and certain. (Rob. on Frauds, 116.) In the case of *Brodie* v. *St. Paul,* (1 Vesey, jr.) Mr. Justice Buller, sitting for the Ld. Chancellor, said, " if the agreement is certain and explained in writing,' signed by the parties, that binds them; if not, and evidence is necessary to prove what the terms were, to admit it would effectually break in upon the statute and introduce all the mischief, inconvenience and uncertainty the statute was designed to prevent." These views accord with those of Ch. J. Kent, in the case of *Bailey & Bogert* v. *Ogden,* (3 Johns. R. 419,) where he says, " the form of the memorandum cannot be material, but it must state the contract with reasonable certainty, so as the substance of it can be made to appear and be understood from the writing itself, *without having recourse to parol proof.*" Lord Ellenborough says, in the case of *Baydell* v. *Drummond,* (11 East, 156,) " the statute excludes parol evidence." Lord Redesdale would not hear parol evidence to shew what was intended to be the *term* in a lease, by connecting the lease with an advertisement of the premises. (1 Schoale & Le Froy, 22.) I find no case in which these authorities are questioned, and in my opinion, to question the principle upon which they are based would be, in effect, to annul the statute. If parol evidence were permitted to shew terms and conditions in a contract,

other than such as are specified in the memorandum, all the mischiefs would result from such a rule that would be the consequence of a total abolition of the statute. The object of the memorandum is not merely to prove that there was a bargain, but to shew what the bargain was, at least the extent and entirety of the consideration for the promise on which the suit is brought.

Was that part which was omitted in this case, the warranty clause, one of the substantial terms of this contract? I cannot view it otherwise. In the case of *Powell* v. *Edmunds*, (12 East, 6,) it is said that a warranty as to the quantity of timber would vary the agreement contained in the written conditions of a sale. The warranty is almost as important a part of the contract as the price or the designation of the article sold, and equally so with what relates to the delivery or the credit. If we would avoid confusion, it should be recollected that we are not endeavoring to ascertain what is necessary to be stated in declaring upon a contract properly made, but whether a warranty is a substantial part of it. It often happens that a part only of a contract need to be set forth in the pleadings in a suit. (1 Chitty's Pl. 300.) Suppose the contract had been with warranty and the memorandum in the plaintiffs' sales book had been signed by the defendant, but the warranty clause omitted, and suppose the rice had been delivered and had proved to be of an inferior quality, could the defendant have shewn the warranty by parol? The authorities to which I have referred shew most abundantly that he could not. Is the rule of proof different where the memorandum is subscribed by the agent? Most certainly not. To shew that the defendant was bound by the contract made by his agent, the judge admitted parol evidence that there was a warranty, and the jury found that the agent had authority to make a contract with warranty; yet if the defendant had recognized the contract, it would have been to him a contract within the statute, and therefore void; or a contract without warranty, because he would have been confined to the written memorandum to shew its terms. In testing the authority of the agent, no contract but such as was available to the defendant should have been consid-

ered, and the judge should not have admitted evidence that the defendant could not have introduced in a suit on that contract.

If the contract proved by parol is that relied on by the plaintiffs below, they can not recover, because it is within the fifteenth section of the statute of frauds: a material part of it, the warranty, being omitted in the memorandum. If they are proceeding, as they appear to be, on the memorandum made in the sale book, they cannot recover, because they are endeavoring to enforce a contract, or rather seek to recover damages for the breach of a contract made without the authority of the defendant below.

It is admitted on both sides that the memorandum in the plaintiff's sale book is the writing that is to take the sale out of the statute. That contains no warranty ; the copy of the memorandum handed by the broker to the plaintiff did contain one. If a broker deliver a *bought and sold* note which materially differ, there is no valid contract. (1 Holt. R. 172.) Such was the case here, unless what the defendants contend is true, that the note entered in their sale book contains in effect a warranty, shewing, as they aver, that the sale was by sample, which implies a warranty that the article sold shall correspond with the sample. Though the allegation of this fact is repeatedly made in the argument submitted to us, yet I do not find it to be so in point of fact. The memorandum contained in the case discloses nothing to shew that the sale was by sample. If it is meant that the memoranda are alike because it is shewn by parol evidence that the sale was made in that manner, the defendants are met by the objection that the fact is not proved by the writing, and it is not permissible to shew it otherwise.

It is urged that the plaintiffs might recover on the general count for goods bargained for and sold. The objection to this position is two-fold ; first, the contract is executory and the plaintiffs are proceeding for the damages they have sustained for the non-fulfilment of it ; and secondly, they fail to prove in a proper manner a contract by which the defendant is bound. I think the judgment below ought to be reversed.

Judgment reversed.