By the Court.
Mason, J.
When this cause was before us, on a motion to set aside the report of the referee, we held that the Messrs. Otis were incompetent witnesses for the plaintiff, on the ground of interest; that they were themselves liable upon the contract for breach of which the action was brought, having-executed the contract in’ their own names ; and that the necessary effect of their testimony would be to charge the defendants and thereby discharge themselves. We therefore set aside *105 the report, and ordered a new trial, without passing upon the other questions presented in the case, and discussed by the counsel on the argument.
The code of procedure, however, which was enacted after the former trial, has altered the rule of law in this respect, and by providing that no person offered as a witness shall be excluded by reason of his interest in the action, has rendered these individuals competent witnesses, and they were properly admitted to testify in the subsequent trial before one of the justices of this court. As upon that trial no other evidence was adduced than what had been given on the former trial, a pro forrm judgment was rendered for the plaintiff, and the case now comes here on an appeal from that judgment, presenting the questions, not passed upon, when the cause was previously before us.
The first point taken by the counsel for the defendants was, that the contract on which the action is brought was void for want of mutuality—that there was no obligation on the part of the plaintiff to take the oats and pay for them, and that he did not subscribe the contract which was produced and proved.
But the Statute of Frauds (2 R. S. 136, § 3) requires, not that the contract shall be signed by both parties, but, by the parties to be charged thereby ; and the uniform construction has been, that a signature by the defendant alone—that is, by the party sought to be charged—is sufficient to sustain the action. (Abbot v. Allen, 3 Taunt. 169; Laythorp v. Bryant, 2 Bing. N. C. 735; Ballard v. Walker, 3 John. Cas. 60; Clason v. Bailey, 14 John. R. 484.) The Revised Statutes have not altered the law in this respect. (Davis v. Shields, 26 Wend. 341, Op. of Senator Verplanck; Harris v. Aspinwall, 3 Sand. S. C. R.) This construction has proceeded not on the ground that contracts need not be mutual, but that the statute, in certain enumerated cases, has taken away the power of enforcing contracts, which would otherwise be mutually binding, unless the parties against whom they are sought to be enforced, have subscribed some note or memorandum thereof in writing. If a mutual contract is made, and one of the parties to it gives the other a memorandum, in pursuance of the statute, but neglects to take from that other a corresponding memorandum, he has but himself to blame if he is unable to compel its performance, while he is bound to the *106 other party. The difficulty is not that the contract, as originally entered into, is not mutual, but that one of the parties has not the evidence which the statute has made indispensable to its enforcement. It necessarily follows, however, from the provision of the statute, that all inquiry as to whether or not a contract was originally mutual is immaterial. It may be enforced against the party who has subscribed a note or memorandum of it, though the other party, by not having signed, is, by the express words of the statute, freed from its obligation. The objection, therefore, of want of mutuality is not well taken.
A more formidable objection to the plaintiff’s recovery and the one chiefly relied on by the defendants’ counsel, was, that the memorandum was signed by the Messrs. Otis in their own names, and without any intimation, on its face, that they acted as agents for the defendants; that they held themselves out as principals, and that to allow them to show by parol proof that persons, not named in the memorandum, were in fact the principals, would be in direct contravention of the Statute of Frauds.
The statute requires that the note or memorandum be signed by the parties to be charged thereby, or by their lawful agent. (2 R. S. 136, § 3, Sub. 2, § 8.) Otis & Co. appear on the face of this contract as the parties to be charged. They contract as principals, and subscribe as principals. Can the plaintiff in an action, on the memorandum itself, show by parol that the parties who appear on the face of the memorandum to be the principals, were, in truth, but agents for third persons, and thus charge these third persons as principals ?
It cannot require any argument, we think, to show, that to allow of parol proof to discharge the Messrs. Otis would be to contradict the written instrument, and would thus be contrary to well-established principles. We are not, however, without direct adjudications on this point. Thus, in Lincoln v. Crandell (19 Wend. 101), it was held, that where two parties enter into a contract, under seal, in their individual characters, not describing themselves, as agents or a committee, they are personally responsible, and that parol proof is inadmissible to show that it was not intended they should be personally responsible. The same rule was applied to a memorandum of sale in Mills v. Hunt (20 Wend. 431), not under seal, by an auctioneer; and there *107 are numerous cases establishing the position, that an agent, drawing, accepting, or endorsing negotiable securities, in his own name, is personally liable upon them to the holder.
But the case of Higgins v. Senior (8 Mees, and W. 834) is supposed to have decided, that although it is not competent for a person who has signed a contract in his own name to discharge himself from liability by parol proof that he acted as an agent for a third person, yet that it is competent by parol proof to charge such third person as the principal. “ There is no doubt,” says Mr. Baron Parke, “ that where such an agreement is made, it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the contract, so as to give the benefit of the contract on the one hand, and charge with liability on the other, the unnamed principals ; and this whether the agreement be or be not required to be in writing, by the Statute of Frauds; and this evidence in no way contradicts the written agreement. It does not deny that it is binding on those whom on its face it purports to bind, but it shows that it also binds another, by reason that the act of the agent in signing the agreement in pursuance of his authority, is, in law, the act of the principal. But on the other hand,” he adds, “ to allow evidence to be given that the party who appears on the face of the instrument to be personally a contracting party, is not such, would be to allow parol evidence to contradict the written agreement, which cannot be done; and this view of the law,” he says, “ accords with the decisions not merely as to bills of exchange signed by a person without stating his agency, but as to other written contracts ; ” and he refers to several cases in support of this latter proposition. Now, it requires very nice powers of discrimination, we think, to perceive how the introduction of a new party into the contract is not a contradiction of the written instrument, as well as the striking out-of a party already in. According to this mode of interpreting the statute, Otis & Co. are liable on the contract before us, because they have subscribed it as parties and as principals ; they cannot therefore be discharged by parol. To discharge them would be to contradict the written instrument, and to violate the statute; but it is no contradiction of the written instrument, and no violation of the statute, to admit *108 parol proof to show that the- defendants, although not named in the contract, are nevertheless parties to it, and are to be charged with its performance. They are to be charged as principals, not on their own signature, but on parol proof of the relation in which they stood to Otis & Co., who themselves subscribed the contract as principals, and as such are bound to its performance.
It is to be observed, that the remarks of Baron Parke which we have .quoted were not necessary to the decision of the question then before the court. That question was not, whether the unknown principals should be charged, but whether the defendants, who signed the contract in their own names, could be discharged by parol proof that they were agents merely. His remarks, therefore, although entitled to the highest respect, as coming from a profound and learned jurist, yet have not the weight of an authority, and would not be regarded as such in his own court. The doctrine which he thus advanced, however, is adopted by Mr. Justice Story, in his work on agency. He says that “ a written contract made by a factor in his own name, for the purchase or sale of goods for his principal, will bind the principal, and he may be sued thereon exactly as if he were named in it, for it is treated as the contract of the principal as well as of the agent.” (Story on Agency, § 161.)
We were not ón the argument referred to, and our own investí-, gations have not discovered, any case decided in England supporting the position thus laid down by Baron Parke and Judge Story. The cases which come nearest to it are, Wilson v. Hart (7 Taunton, 295), decided in 1817, and Truman v. Loder (11 Ad. & Ellis, 589), decided in 1840 ; but, upon examination, it will be found that they do not bear out the doctrine. In Wilson v. Hart, although the defendant was made liable for goods where the bought note was signed by one Reed, in his own name, as principal, yet it was distinctly put to the jury to say whether it was a sale to Reed or to the defendant, who had obtained possession of the goods ; and whether the mode of the purchase was not a fraudulent device between Reed and the defendant, to enable the latter by means of it to get possession of the plaintiffs' goods, in order to apply them to the payment of a debt which was due from Reed to-the defendant. Baron Parke, in Higgins v. Senior, *109 admits that the case turned altogether on the fraud, and says, that if it had not, it would have been an authority for the admission of parol evidence to charge the defendant, and not to discharge Reed. In Truman v. Loder, the defendant was made liable on an executory contract, in which one Higginbotham appeared as principal, and the defendant's name was not mentioned ; but the decision was placed expressly on the ground that the defendant, who resided abroad, traded in England under the name of Higginbotham; and that all business done by Higginbotham was his, the defendant’s business, and done with his capital and credit. Besides these two cases we have found no express decisions in England apparently sustaining the dictum of Baron Parke in Higgins v. Senior, that upon a contract which the statute requires to be in writing, signed by the parties to be charged, a third party, whose name does not appear in the writing, may be charged by parol evidence, that the party signing in his own name, acted as an agent for such third party. There are numerous cases in the English books, where a party has been charged on a contract signed by a broker or other person in his own name, without adding to his signature the word agent, or expressing in the mode of signing that he was acting for such party ; but in all such cases the name of the party charged is in the body of the memorandum, .and it appears from its whole tenor that the party signing acts simply as a broker or agent. Such is the usual form of brokers’ notes in England; and those brokers’ notes which are given in the reported cases in this State, are in this respect similar to the brokers’ notes in England. • (Peltier v. Collins, 3 Wend. 459; Davis v. Shields, 26 Wend. 341; Clason v. Bailey, 14 John. 484.)
The question, in the form now presented, does not appear to have been brought before our courts, but we think that the principle involved has been clearly settled. .Thus in Stackpole v. Arnold (11 Mass. R. 27), which was on a note made by one Cook in his own name, and given for premiums on policies of insurance effected by him as agent and factor of the defendant, the court remarked, that no person in making a contract is considered to be the agent of another, unless he stipulates for his principal by name, stating his agency in the instrument which *110 he signs. “ This principle,” says Parker, J., in delivering the opinion of the court, “ has long been settled, and has been repeatedly recognised ; nor do I know an instance in the books of an attempt to charge a person as the maker of any written contract appearing to be signed by another, unless the agent professed to act by procuration or authority, and stated the name of the principal on whose behalf he gave his signature. It is also held, that whatever authority the signer may have to bind another, if he does not sign as agent or attorney, he binds himself and no other person and after discussing the point at large, that learned judge re-affirms, as applicable to the case before them, the principle that, generally, oral testimony is not to be received to contradict, vary, or materially affect, by way of explanation, any written contract, whether within the Statute of Frauds or not, provided the contract is perfect in itself, and is capable of a clear and intelligible exposition from the terms in which it is composed. The case of Pentz v. Stanton (10 Wend. 271) went a little further than Stackpole v. Arnold. The suit was on a bill of exchange, signed by one “ Henry F. West, agent,” drawn upon and accepted by one Casey, which had been protested for non-payment, and notice given to the defendant. The declaration alleged that West was the agent and servant of the defendant in drawing the bill; and it appeared on the trial that the bill was given in payment of goods' bought by West for the defendant, and received and used by him. But the court held that, to render the principal liable, the agent must sign the name of the principal to the bill, or it must appear on the face of the bill, in some way, that it was in fact drawn by him, or the principal will not be bound; and that any. parol testimony to show that West acted as agent in signing, and not as principal, was inadmissible, as contradicting or varying the written contract. Newcomb v. Clark (1 Denio, 226) comes, however, nearer to the present case. The suit was brought on an agreement in the form of a letter to one Henry Peters, in which Newcomb agreed to pay him (Peters) the rent of part of the house hired of him by a third person, in case he, the third person, should fail: the rent to be paid quarterly. Peters was merely the agent of Clark, the plaintiff, in the court below, but on the face of the paper he appeared as principal. The- court *111 decided that the writing was void, for want of consideration, and that Clark could not sustain an action upon it in his own name. “ The rule in regard to parties to actions,” the Court said, “ seems to be, that every action on an express contract must be brought in the name of the person to whom the engagement violated was originally made, unless it is transferable as a negotiable note, &c. In the present case, the promise or agreement is expressly made with Peters. Clark’s name does not appear in the writing. It was not competent to contradict or amend the agreement by parol proof, by substituting Clark’s name as the promisee in place of Peters.”
The case before us is the converse of Newcomb v. Clark, but the principle is the same.
The reason of the rule, which excludes parol testimony tending to vary or contradict a written contract, applies with greater force to those contracts, which are required by the statute to be reduced to writing, than to others. If a party can be added by parol evidence, why not add also to the quantity of goods sold or the price ? and if one item may be added, why not add to or vary all the particulars of the contract ? It is clear that the admission of such evidence would not only contradict the written instrument, but nullify the statute.
The doctrine we have here laid down is supposed to clash with the general and well-established rule, that where goods are bought by an agent who does not disclose that he is acting as such agent, the vendor, although he has debited the agent, may, upon discovering the principal, resort to him for payment. The Supreme Court did not suppose, in Pentz v. Stanton, that there was any inconsistency between these two principles, because, while they held in that case that no action lay against the defendant on the bill drawn by the agent in his own name, yet they held the defendant, as principal, liable, on the common counts, for the price of the goods, for which the bill had been given.
The distinction appears to be this: where a contract is reduced to writing, whether in compliance with the requisitions of the Statute of Frauds or not, and it is necessary to sue upon the writing itself, there you cannot go out of the writing, or contradict or alter it by parol proof, and consequently cannot *112 recover against a party not named in the writing ; but where the contract of sale has been executed, so that an action may be maintained for the price of the goods, irrespective of the writing, there the party who has had the benefit of the sale may be held liable, unless the vendor, knowing who the principal is, has elected to consider the agent his debtor. (Thompson v. Davenport, 9 B. & C. 78.) The distinction is thus stated by Mr. Justice Livingston, in the United States v. Parmelee (1 Paine, C. C. R. 252), which was a suit in the name of the United States on a written contract of the defendant, by which he acknowledged to have received from one Rainy one hundred barrels of flour, and agreed to be holden' therefor to Alexander Wolcott or order. “ Courts of law,” he says, “ out of their great solicitude to protect the interests of a principal, have gone great lengths in identifying him with his agent or factor, and as a necessary consequence have permitted a suit in his own name, although he be not, except by implication of law, a party to it. N But the Court does not know that such a suit was ever sustained on the contract itself, where one in writing took place between the factor and vendor, in which the name of the vendor did not appear. What use might be made of such a paper as matter of evidence is one thing, but that a suit could be brought upon it in the name of any but a party to it has not been shown, nor is it believed that such is the law.”
We are satisfied that the plaintiff cannot, in accordance with established principles, recover against the defendants on this contract. The judgment at the Special Term therefore is reversed, and judgment rendered for the defendant.