By the Court,
Garvin, J.
As the buyers did not sign either contract, this case presents the question whether, under the third section of the statute of frauds, (2 R. S. 140,) such a note, or memorandum, as that signed by the defendant, is binding upon the seller, when not signed by the buyers, and no part of the property is accepted or received, and no part of the purchase money is paid. By the terms of the statute, the buyers cannot be charged thereby, for they have not subscribed it, and without them there is no second party to the contract. How, then, can it be said the seller is liable ? There is no consideration for his promise; it is a mere unaccepted proposal, *221 under the statute, which is not binding upon either party, and cannot be enforced. It is said by Judge Brown, in Brabin v. Hyde, (32 N. Y. Rep. 519,) “ The sale will not be effected without the occurrence of the three acts mentioned in the-statute. These acts are not to be performed by one party only; they are to be concurred in by both parties to the contract. If the memorandum in writing is relied upon, it must be signed by “ the parties not merely “ the party to be charged thereby." The intention of the statute was, that if the contract was in writing, both parties should subscribe it. If there was no contract in writing, that one party should deliver, and the other not only agree to accept, but actually receive, a part of the property sold; or that the buyer should pay, and the seller receive, some part of the purchase money, in order to make the contract effectual between the parties. This precise question has been decided in this court, in the case of Justice v. Lang et al. (2 Rob. 333,) where it was held that unless the contract was signed by both parties, it was void. The judgment in this case must, therefore, be affirmed, with costs. -