By the Court,
Garvin, J.
It is claimed in this case by the defendant, that the contract sued upon is void, under the third section of 2 R. S. p. 140, which provides that every contract for the sale of any goods, chattels, or things in action for the price of fifty dollars or m'ore, shall be void, unless, 1. A note or memorandum of such contract, be made in *403 writing, and be subscribed by the parties to be charged thereby; or, 2. Unless the buyer shall accept and receive part of such goods or the evidence, or some of them, of such things in action ; or, 3. Unless the buyer shall at the time pay some part of the purchase money. If the purchase money is to be deemed the consideration, or a part of the consideration, then the 3d subdivision has no application to this case; the payment having been rendered unnecessary by the act to legalize the sale of stocks, passed April 10,1858, (4 R. S. Edm. ed. 110.) But the 1st and 2d subdivisions of the statute remain in force, and it remains to be seen whether either subdivision applies to this case. It is conceded that there was no note or memorandum in writing, subscribed by the parties. It has been held in the Court of Appeals, under this statute, if the memorandum in writing is relied on, it must be subscribed by both parties. (Brabin v. Hyde, 32 N. Y. Rep. 519.) The same doctrine has been held in two cases decided by this court. (Justice v. Lang, 2 Rob. 333. Marcus v. Barnard, ante, p. 220.)
It is not claimed that both the parties to this supposed contract or their agents subscribed any note or memorandum in writing. But it is insisted, that a memorandum was made by a clerk, in a book, giving the quantity, description and price of the stock, which was shown to the defendant and he pronounced it right. There is, however, no pretense that he subscribed it, or that it was subscribed by the plaintiff or by any one for either of them, but it is urged that the defendant wrote a letter reciting the contract. It is true he did; but it was not an acceptance of a proposition made in writing and subscribed by the plaintiff. He writes in his letter, of a contract he had made, which he now says is void, because it was not in writing and subscribed by the parties. Many of the cases cited by the plaintiff do not bear upon this question, but arose upon the construction to be given to other and different sections of the same statute. The 8th section (2 R. S.139) in regard to the sale of lands or any interest in lands, differs in its language from that we are now considering ; that section *404 requires a note or memorandum in writing to be signed not subscribed, by the party by whom the land or sale is to be. made, and the case in 14 N. Y. Rep. 584, is upon that sec-, tion. The case in 6 Cowen, 447, turned upon the same question as the last case. What is a sufficient signing by the. one party by whom the sale or lease is to be made is a very-different question from that as to whether both parties have subscribed. The first is answered by the signing of the agreement by one party or acknowledging it by any other instrument, duly signed by him, and is sufficient. (Gale v. Nixon, 6 Cowen, 447. Roberts on Frauds, 121. Wellford v. Beazeley, 3 Ath. 503. 3 Bro. Ch., 318. 1 Ves. 6. 9 id. 355.) But, the last must be subscribed by the parties to be charged thereby.
A letter may be used against the writer as evidence in affirm^ anee of a contract in controversy, but that alone, without something subscribed by the other party, would not be suffU cient, to make a contract under this clause of the statute. The intent of the statute being to prevent frauds and perjuries, by either reducing the contract to writing and both parties subscribing it, or that the buyer shall accept and receive part of such goods ; or the evidences, or some of them, of such things in action. There is nothing in this case to show that any part of the stock was received or accepted. We must hold that the contract was not reduced to writing, nor was there any note or memorandum thereof made in writing signed by the parties as required by the statute.
But it is said that a contract for the sale of stocks is not within the statute, and we are referred to the laws of 1858, chapter 134, (4 R. S. Edm. ed. 110,) which provides that “ no contract for the sale of stock * * * shall he void or voidable, for any want of consideration; or because of the non-payment of any consideration ; or because the vendor at the time of making such contract is not the owner or possessor of the certificate or certificates or other evidence of such debt, share or interest.” The statute simply provides that neither a written nor verbal contract shall be void or voidable. 1. For any want of con-' *405 •«deration, 2. Non-payment of any consideration ; or, 3. Because the vendor is not the owner or possessor of the stock at the time of making the contract. A verbal contract for less than $50 would be good without any consideration; and without the payment of any consideration, whether the vendor owned or possessed the stock at the time of the contract or not, but if of the value of $50 or more, I do not see how in any way the statute of 1858, abrogates the necessity of reducing such a contract to writing. Such a contract made in writing and subscribed by the parties, under this statute would be sustained in spite of any want of consideration, and would not be void or voidable because of the non-payment of any consideration; though the vendor was not the owner or possessor of the stock, at the time of the making the contract, but the statute requiring the note or memorandum of the contract to be in writing and subscribed by the parties is still in force. Our duty is to declare what the law is, not to legislate.
These views make it unnecessary to examine the other questions in the case, and bring us to the conclusion that the exceptions made by the defendant are well taken, and that judgment should he entered for the defendant, with costs.
Jones, J.
Unless there is a contract, or a custom to the contrary, (and there is no such contract or custom shown in this case,) a vendor cannot sustain, against a vendee, an action for damages for the breach by the latter of a contract of bargain and sale of personal property, by not accepting and paying for the property sold, without proving that at the time fixed for the completion of the bargain he was ready and willing and offered to deliver the property.
There are many reported cases which would seem to be antagonistic to this proposition; but on examination it will be seen that they merely decide what matter will be sufficient as a question of evidence to support an allegation of an offer or tender-. None of these cases are applicable to the facts of *406 the one at bar. Here there is no evidence of any direct offer to the defendants, nor of any matters which under the decided cases are equivalent to an offer.
The offer to Saxton & Raymond is insufficient. The defendant, by his letter to them simply authorized them to act as his' agents in receiving the stock and paying for it.
They refused to accept the agency. Having so refused, they had no more connection with the defendant than a firm of brokers to whom the defendant was entirely unknown, and who were unknown to the defendant. The offer might as well be made to such other firm as to Saxton & Raymond.
If the defendant had directed the plaintiff to deliver the stock to Saxton & Raymond, the case would assume a different aspect. Rut there is no proof of any such direction.
The case as presented is simply this : one having purchased goods, requests by letter a friend to go and pay for them ; the vendor having by some means obtained knowledge of this request seeks out the friend, offers him the goods and demands payment. The friend says, yes, I received such a request, but as I received no money with it, I decline to act in the matter. To make this a good offer, it would be necessary to sustain this absurdity, that one by refusing to act as agent, becomes an agent.
Neither is the plaintiff’s note of March 23, 1865, which was left at the defendant’s residence at about 11 o’clock in the morning, during the defendant’s absence, and was first received by him at 6 p. m. of that day, sufficient 'to constitute an offer. It does not in express terms offer to deliver the stock; if any offer can be implied from it, it is a conditional one to deliver, provided the price be paid before 2 p. m. of that very day.
As the defendant did not receive the note until long after 2 p. m. he had no information of the offer until after it was too late to .comply with it, and after it had been withdrawn by its very terms. For this reason, this offer cannot be regarded as sufficient; there being nothing in the case to show that the *407 notice was reasonable, or that the defendant should be held chargeable with knowledge of it from the time it reached his residence.
The exceptions should be sustained, and a new trial ordered, with costs to the appellant to abide the event.