JOHN MAHONEY *vs.* JOHN A. MCLEAN and another.

March 16, 1880.

**Action on Specialty.**—An action upon a sealed agreement, to recover for a breach of the same, can be maintained only against a party to such agreement.

Action on a sealed contract, executed by plaintiff and one Donald Stevenson, whereby the former agreed to deliver to the latter 250 (with the privilege of delivering 300) tons of hay, and the latter agreed to pay therefor at the rate of $20 per ton. The breach alleged is a failure to pay a balance due on account of hay delivered, and a refusal to accept other hay tendered under the contract. The complaint alleges that the contract was made by defendants, acting by Stevenson as their authorized agent. A general demurrer to the complaint was overruled by the district court for Ramsey county, *Wilkin*, J., presiding, and the defendants appealed.

*Young & Newel,* for appellants.

*Lamprey & James,* for respondent, cited Story on Agency,
§ 446; 2 Smith Lead. Cas. 433; 2 Kent, 631; *Trueman* v.
*Loder,* 11 Ad. & El. 319; *Salmon Falls Mfg. Co.* v. *Goddard,*
14 How. 446; *Youghiogheny Iron Co.* v. *Smith,* 66 Pa. St.
340; *Merchants' Bank* v. *Central Bank,* 1 Ga. 418.

BERRY, J.   This is an action upon a sealed agreement, exe-
cuted by and between the plaintiff, as party of the first part,
and Donald Stevenson, as party of the second part.   The
plaintiff seeks to charge the defendants for an alleged breach
of the agreement, upon the ground that the defendants, who
were partners as McLean & Macnider, made the agreement,
acting by, through and in the name of Stevenson, who acted
as their agent, and for their use and benefit, and with their
approval.   In effect, this ground is neither more nor less than
that Stevenson made the agreement in his own name, as
agent for the defendants.   No agency appearing upon the
face of the agreement, it is the agreement of the party by
whom it purports to have been executed, and not the agree-
ment of some undisclosed principal.   This action being
brought upon the agreement, and seeking to recover for a
breach of the agreement, it can be maintained only against a
party to the agreement—a party who has bound himself by
it, and who has failed to keep it.   *Sencerbox* v. *McGrade,* 6
Minn, 334 (484;) *Fenley* v. *Stewart,* 5 Sandf. 101.

Order reversed.