## City Court.

*Trial Term—November*, 1884.

## NORTHFLEET COAL & BALLAST CO. *against* BUDD.

Bought-and-sold note. Sale by broker. Where the terms are agreed upon, the broker should reduce them to writing in the form of bought-and-sold notes. He cannot (unless the parties consent) vary the terms agreed upon by sending to the contracting parties notes containing other terms. The effect of discrepancy between the note sent the vendor and that sent the vendee, considered.

McADAM, Ch. J.—The only written evidence of a contract between the parties hereto is to be found in the bought-and-sold notes signed by the broker, and the question presented is whether these notes are conclusive on the parties, so as to shut out the truth. Where the terms of sale are agreed upon, the broker should reduce them to writing, in the form of bought-and-sold notes. This is the limit and extent of the broker's authority. He cannot (unless the parties consent) vary the conditions. agreed upon by sending to the contracting parties bought-and-sold notes containing other terms. When the agent departs from the authority conferred, the act is not binding unless adopted... For this reason bought-and-sold

notes are not always conclusive on the principals (for illustrations see *Benjamin on Sales*, 2 ed. 213, 221).

The uncontradicted evidence shows that the broker told the defendant he might have the chalk in question, and that the price of the three hundred tons "would be as low as anybody else had it out of the ship." The evidence also shows that others bought portions of the same cargo of chalk at $1.50 per ton. The three hundred tons delivered to the defendant amount, at this rate, to $450. For this sum, with interest, the plaintiff is entitled to judgment. The subsequent offers of settlement do not conclude the parties. The sold note was sent to the defendant, who, from mere inspection, could not tell whether the price inserted was correctly stated or not, because this depended upon the price the balance of the cargo brought—a fact he did not then know. Under the circumstances, the note did not conclude the defendant, who had the right to assume that the price agreed upon was truthfully stated. The retention of the note might have concluded the defendant, if he had accepted the note and chalk with knowledge of all the facts, or if he had refused on demand to return the chalk on being informed of the facts.

But the mere retention of the note, under the circumstances disclosed by the evidence, did not impose any active duty on the defendant. If the plaintiff has been misled, it is the fault of the agent, and the remedy, if any, is against him. The questions of law which arise on bought-and-sold notes are close, but the evidence of all the witnesses unites in making the facts so clear that it would seem inequitable to enforce against the defendant, as his contract, a note which the agent of both parties admits does not contain the contract which the defendant authorized him to make.

Judgment will, therefore, be ordered in favor of the plaintiff for the $450 aforesaid, with interest.

If the broker deliver a bought-and-sold note which materially differs,—*e. g.,* in the omitting of the warranty,—there is no valid contract (Peltier *v.* Collins, 3 *Wend.* 459.     See also Suydam *v.* Clark, 2 *Sandf.* 133 .