SPENCEB, J.
delivered the opinion of the court. On the part of the defendants, two objections were raised to the plaintiffs recovery: 1. That in.neither of the counts is the contract set forth correspondent to the proof, and that therefore there is a fatal variance; 2. That the contract between the parties is a nudum pactum and within the statute of frauds and perjuries. The opinion I am about to give not being founded on either of the objections taken, it will be unnecessary to enter into a minute examination of them. To support the first exception, the defendants’ counsel rely on that part of the proof, whereby it was agreed that the defendants should pay the difference between the flour and note. This undoubtedly was an essential part of the contract, and, according to the rules of pleading, ought to have been stated. The second exception appears to me untenable, and the true answer was given to it by the plaintiff’s *120 counsel: tbe statute of frauds requires, m certain contracts, a memorandum to be signed by the parties to be charged; if there are acts to be done by both parties, and the one who is to perform a principal part (as here the delivery of the flour, sign, and it is accepted by the other party, there can exist no doubt but that such contract would be mutually obligatory. In this case, I hold that there was a valid contract, executory in its nature ; but before the period of its execution arrived, the consideration agreed to be given by the plaintiff wholly failed, by the insolvency of Lyon. The offer by the plaintiff to pay in the note of a bankrupt, was not an offer of payment. In the case of Owenson v. Morse, 7 D. & E. 64, and Puckford v. Maxwell, 6 D. & E. 52, it is recognized as settled law, that upon an agreement to accept notes in payment, if before the delivery of the articles *purchased, the notes turn out not to be good, a tender of them is not to be considered a payment, unless it was part of the agreement to take them as such, and to run the risk of their being paid.(a) It would be highly inequitable for the plaintiff to recover in this action, when the defendants have received no manner of consideration on the contract. We are therefore of opinion, that, on the merits, the defendants are entitled -to judgment.
Judgment of nonsuit.

 The same point was ruled in The People v. Howell, 4 Johns. Rep. 296, and Johnson v. Weed and another, 9 Johns. Rep. 310, and further, that a receipt in full is not a proof of an agreement so to accept them. But though there be such an agreement, if| at the time it be entered into, the vendee give a fraudulent representation of the responsibility of the maker of the note, the vendor may still consider it as a nullity, and proceed on the original contract. Wilson v. Foree, 6 Johns. Rep. 110. The law is the same, though the payment be in bank notes which prove forged, notwithstanding the vendee passed them innocently. Markle v. Hatfield, 2 Johns. Rep. 455. Eor a note is not payment unless duly honored. Even when the above circumstances do not occur, it merely suspends the right of action till due, at which period, if not satisfied, the party may resort to his original cause of aotioB. Putnam v. Lewis, 8 Johns Rep. 389.