## The Eagle Bank of New-Haven *against* Smith and Parmelee.

To lay the foundation for a motion for a new trial on the ground that the verdict was against evidence, it is not necessary that the court should return the jury to a second and third consideration.

Where the party moving for a new trial, stated in his motion, that the verdict was manifestly against the evidence, and the court allowed such motion; it was held, that an opinion of the court in opposition to the verdict, was sufficiently shewn.

Where a person acting ostensibly as the agent of the defendants, was, at the time of the transaction in question, and for years had been, a clerk in their store, and had, as their agent, done business, in many instances, with the plaintiffs; it was held, that these facts sufficiently established his general agency.

A forged note delivered in payment, is no satisfaction or extinguishment of an antecedent demand.

An action for money had and received, or for money lent, may be maintained, by the indorsee of a promissory note, against the maker or indorser.

If the indorsee of a promissory note give it up, through a mistaken belief of its being paid, he may, on proof of these facts, recover against the maker or indorser, on the common money counts, in the same manner as if it had been lost by time and accident.

The action for money had and received is not necessarily grounded on privity of contract.

Privity of contract exists between the maker or indorser of a negotiable promissory note and the indorsee.

This was an action of *assumpsit*, in several counts. The first count charged the defendants, as the indorsers of a promissory note, made by *Hezekiah Shaylor* 2nd, for 225 dollars, dated *July* 3d, 1820, payable to the order of *Ansel Shaylor,* at the *Middletown Bank*, sixty days after date. The second was

*Middlesex,*
July,
1823.

Eagle Bank
*v.*
Smith.

a general count for money had and received, for the plaintiffs' use.    The third was a general count for money lent, paid, laid out and expended for the defendants, and at their special instance and request.    There were other counts, on which no question was made.

The cause was tried at *Middletown, February* term, 1822, before *Brainard*, J.

On the 17th of *June*, 1820, the defendants were indebted to the plaintiffs, in a promissory note, made by them, for 350 dollars.    *W. S. Rossiter*, the cashier of the *Eagle* bank, testified, that on said 17th of *June, Frederick Parmelee*, who then was, and for years had been, a clerk in the store of the defendants, and had, as their agent, done business with the plaintiffs, in many instances, offered to the plaintiffs for discount, in payment of such note, the note for 225 dollars, described in the first count of the declaration, and another note for 125 dollars; which were received and discounted, by the plaintiffs, and the avails accepted in payment of the first mentioned note.    The credit of this witness was not impeached; nor was there any contradictory proof.    The defendants introduced witnesses to prove, that the note for 225 dollars, was not the genuine note of the defendants, but was forged.    The plaintiffs insisted, that if that note was forged; yet as it was received in payment of a note honestly due from the defendants, and had been delivered by their agent, and the avails applied to their benefit; the plaintiffs were entitled to a verdict on the second and third counts. The jury found a verdict in favour of the defendants, on all the counts.    The plaintiffs moved for a new trial, on the ground that the verdict was manifestly against the evidence.    The judge allowed the motion, reserving the questions arising thereon for the opinion of the supreme court of errors.

*Daggett* and *Stanley*, in support of the motion, after remarking, that this was a clear case of a verdict against evidence, provided the facts, if proved, would sustain the action, as the evidence was explicit, and there was no attempt to contradict or discredit it,—contended, 1. That the note for 350 dollars was evidence of money lent, by the plaintiffs as indorsees, to the defendants as indorsees, sufficient to support a recovery on the third count.    2 *Phill. Evid.* 10. and n. *a.* 21. Or of money had and received, on the second count. *The State Bank* v. *Hurd*, 12 *Mass. Rep.* 172.    *Boardman* v. *Gore* & al. 15 *Mass. Rep.* 331.

2. That the forged note for 225 dollars, delivered in part payment of the note for 350 dollars, was no payment. *Markle* v. *Hatfield*, 2 *Johns. Rep.* 455. and cases therein referred to.

3. That the money paid or credited to the defendants, for the avails of the note for 225 dollars, may be recovered on the common counts. *Young* v. *Adams*, 6 *Mass. Rep.* 182.

*Staples*, contra, contended, 1. That a new trial will not be granted, on the ground that the verdict was against evidence, unless it appears from the motion, that the judge was dissatisfied with the verdict. He is not to reserve the case, until he has stated his opinion to the jury, and sent them to a second and third consideration, and they have adhered to their verdict in opposition to his opinion.

2. That it does not appear what became of the note for 350 dollars : for aught that appears, the plaintiffs still hold it, and may sue upon it : and this being the case, they cannot bring their action for money had and received, or money lent. A written contract merges the implied contract. While the written contract subsists, you cannot leave it, and go upon the implied contract. But laying the writing, as such, out of the question ; the plaintiffs have an *express* contract ; and while they hold it, they cannot resort to the implied one.

*Daggett*, in reply, said, That the judge was not bound, in any case, to return the jury to a second and third consideration. He is authorized to do so, whenever he deems it proper ; but he is permitted, on this subject, to exercise his discretion. Nor is it necessary, for the purposes of this case, to enquire whether it must appear, that the judge was dissatisfied with the verdict ; for it does so appear. The motion states, that the verdict was manifestly against the evidence ; and this motion the judge allowed. It is obvious, that he could not have allowed it, unless he had been dissatisfied with the verdict. *Vid. Stat.* 54. *sect.* 68.

HOSMER, Ch. J. This motion for a new trial, is founded on the supposition, that the verdict of the jury was against the evidence.

By way of preliminary objection, it has been said, that the motion is defective, inasmuch as the judge did not return the jury to the third consideration, nor explicitly state, that their verdict was opposed to his opinion. I think there is no foun-

Eagle Bank
*v.*
Smith.

dation for this objection. The granting of a new trial, for the misdetermination of the jury, in point of fact, is not by law placed on the foundation, that the judge should have directed a reconsideration of the case, but upon the question, whether their verdict was clearly against the evidence. The law, undoubtedly, requires the court should be of the opinion, " that the verdict is against the evidence in the cause :" (*Stat. p.* 54. *sect.* 68.) and that this opinion, was entertained by the judge who tried the cause, is conclusively apparent from the motion. It was presented to the judge, for allowance, under his signature ; and is confined entirely to the question concerning the weight of evidence. Then either the judge must have been of the opinion, that the verdict was decisively against the evidence, or he allowed a motion entirely nugatory, and for no imaginable purpose. It is a legal presumption, that he exercised his jurisdiction soundly, repelled by no fact, or circumstance, and confirmed, by every consideration in the case.

That the verdict of the jury was most palpably against the evidence, admits of no reasonable doubt. *Frederick Parmelee* was the general agent of the defendants ; and the plaintiffs were authorised to consider him as such. He was a clerk in the defendants' store, and had been for years ; and, in many instances, as their agent, had done business with the plaintiffs. These facts sufficiently establish his general agency. *Neal* v. *Erving*, 1 *Esp. Rep.* 61. *Barber* v. *Gingell*, 3 *Esp. Rep.* 60.

But whether he was, or was not, their agent, the legal consequences are precisely the same. The defendants cannot take benefit of a pretended payment of their note, by a stranger, if the payment was fictitious, and not actual.

A forged note, or dishonoured draft, if delivered in payment, is no satisfaction or extinguishment of an antecedent demand ; and for the most just and obvious reasons. They are of no value ; and not what they were, either expressly or impliedly, affirmed to be, by the person delivering them as a payment, or believed to be, by him who accepted them as such. On this point, the law is too well astablished, to require the aid of argument. *Puckford* v. *Maxwell*, 6 *Term Rep.* 52. *Owenson* v. *Morse*, 7 *Term Rep.* 64. *Stedman* v. *Gooch*, 1 *Esp. Rep.* 5. *Roget* v. *Merritt & Clapp*, 2 *Caines* 117. *Markle* v. *Hatfield*, 2 *Johns. Rep.* 455. *Smith* v. *Smith*, 2 *Johns. Rep.* 235. *Young* v. *Adams*, 6 *Mass. Rep.* 182. *Arnold* v. *Crane*, 8 *Johns. Rep.* 79.

That an action for money had and received, may be maintained, by the payee of a promissory note, against the maker,

Middlesex,
July,
1823.

Eagle Bank,
v.
Smith.

is a well established principle. *Clark* v. *Martin*, 1 *Salk.* 128. *Carter* v. *Palmer*, 12 *Mod.* 380. *Grant* v. *Vaughan*, 3 *Burr.* 1516. *Harris* v. *Huntbach*, 1 *Burr.* 373. *Smith* v. *Kendall*, 6 *Term Rep.* 123. *Smith* v. *Smith*, 2 *Johns. Rep.* 235. *Young* v. *Adams*, 6 *Mass. Rep.* 182. 2 *Phil. Ev.* 10. 11.

It is equally well settled, that as against the maker, the same action is sustainable by the indorsee, whether immediate or remote. *Dimsdale* v. *Lancaster*, 4 *Esp. Rep.* 201. *Master* v. *Miller*, 4 *Term Rep.* 339. *Grant* v. *Vaughan*, 3 *Burr.* 1516. *Edie* & al. v. *The East India Company*, 1 *Bla. Rep.* 295. 299. *Tatlock* v. *Harris*, 3 *Term Rep.* 174. *Pierce* v. *Crafts*, 12 *Johns. Rep.* 90. *Arnold* v. *Crane*, 8 *Johns. Rep.* 79. *Cruger* v. *Armstrong*, 3 *Johns. Ca.* 5. *Burdick* v. *Green*, 18 *Johns. Rep.* 14. Nor does it make any difference, if the note, through an unfounded belief of payment, has been given up, no more than if it had been lost by time and accident. The written evidence of debt is gone, but the debt remains unextinguished, by a misconception of the payee or holder, and recoverable, on legal proof of the facts. If a position so obviously just, requires the support of authority, it has it, in *Arnold* v. *Crane*, 8 *Johns. Rep.* 79. *Pierce* v. *Crafts*, 12 *Johns. Rep.* 90. and in *Young* v. *Adams*, 6 *Mass. Rep.* 182.

In *Waynham* v. *Bend*, 1 *Campb.* 175. Lord *Ellenborough* was of opinion, that a promissory note is evidence under the money counts, as between the original parties only ; but this case was expressly overruled, in *Pierce* v. *Crafts*, 12 *Johns. Rep.* 90. and is in opposition to several of the cases, which have been cited. The above case of *Waynham* v. *Bend* was erroneously adjudged, by reason of two very obvious and palpable misconceptions. It undoubtedly proceeded on the ground, that the action for money had and received, can only be grounded on privity of contract ; but this supposition is in direct opposition, even to the common cases, in which that action is sustained. There is no privity between the finder of money lost, and the owner who lost it ; nor between the person, who, through fraud or deceit, acquires the money of another, and the person of whom it was acquired ; nor between one, who has taken the fees of an officer, claiming a right so to do, and another who has a title to them ; and yet, in all these cases, the action for money had and received may be maintained. 1 *Cranch*, append. 440, 1. ( *Vid.* the cases cited, *ibid.*)

If, however, privity of contract were requisite, it exists between the maker of a negotiable note, and the remotest indor-

see; for it is a contract to pay the money to any person who may become entitled to it by transfer; and as soon as the bearer becomes entitled, such privity commences.

It is indisputably clear, that the plaintiffs were entitled to the verdict of the jury, in this case, on one of the money counts; and for the mistake of the jury on this point, I would advise a new trial.

PETERS, J. concurred generally in the opinion expressed by the Chief Justice; though he was not prepared to say, that in this state, the holder of a note may bring *indebitatus assumpsit* for the consideration of such note, when he might sue upon the note itself.

CHAPMAN and BRAINARD, Js. concurred fully in the opinion of the Chief Justice.

BRISTOL, J. being interested in the event of the cause, gave no opinion.

New trial to be granted.