## ARMSTRONG *v.* HAYWARD *et al.*

A release of one joint debtor is a release of the others, but it must be a technical release under seal.

A receipt given to one joint debtor on a note, for a part payment, coupled with the words "which is in full on his part on the within note, and the said A B is hereby discharged from all obligation on the same," is not such a release as will discharge the others.

APPEAL from the District Court of the Sixth Judicial District.

Action on the following promissory note:

"$1200.    For value received we promise to pay John J. Armstong, the sum of twelve hundred dollars, one year after date, but if said sum is not then paid, the same is to be paid at the expiration of two years after date, with interest at the rate of seven per cent. per year for the last year only.

"Silver Mountain Valley, Cal., Feb. 15th, 1853.

"J. LINZEE,                    ALVINZA HAYWARD,
"OSCAR L. CHAMBERLIN,          RUSSELL WALCOTT."

The complaint admits the payment of $600 on account, and prays judgment for the balance and interest.

The defendants admit the execution and delivery of the note to plaintiff, but plead in bar and as a complete discharge of the debt, the following endorsements on said note:

"Rec'd Feb. 3d, 1855, the sum of $300 from Alvinza Hayward, which is in full, on his part, on the within note; and the said within named Alvinza Hayward is hereby discharged from all obligations on the same.                    JOHN J. ARMSTRONG."

"Rec'd, Sutter Creek, Feb. 3d, 1855, from Russell Walcott, the sum of $300, which is in full on his part, on the within note; and the said Russell Walcott is hereby discharged.    JOHN J. ARMSTRONG."

The cause was tried in the Court below without a jury.    Judgment for plaintiff.    Defendants appealed.

*Robinson, Beatty & Sackett* for Appellants.

A release or discharge of one or more of several joint promissors, operates as a release or discharge of all.    Story on Promissory Notes, p. 528, § 425.

The respondent admits this proposition as true, as it regards a *technical release under seal*.    As the counsel on that side contend that the rule does not extend to a discharge, otherwise than by technical release, we will confine this argument and our references to the subject of discharges.

A discharge, if such discharge is properly proved, and be for a sufficient consideration, and be a present discharge and not an agreement to discharge *in futuro*, is just as effectual as a technical release.    1st Bosanquet & Puller, p. 630; 4th Adolphus & Ellis, 675; 31 Eng. Com. Law Rep. 166.

First, then, is this discharge properly proved?    It will not be denied that an endorsement made on the back of the note, which is produced by the plaintiff as evidence of his debt, and which is mentioned by the plaintiff in his complaint, and admitted by him to have been made for the consideration therein expressed, is fully proved.

2d. Is the consideration sufficient?    A payment of the part of a debt after the same becomes due, is not a satisfaction, or discharge of

the whole, because, such an agreement is *nudum pactum* and totally without consideration; but a payment of a part of a debt before due, if paid and accepted as a discharge of the whole, is by all authorities admitted to be a complete discharge. "Peradventure part of the sum before it fell due would be more beneficial to the creditor than the whole at maturity." These payments and endorsements having been made before the note became due, under this rule the consideration is a good one and must stand.

3d. Was this agreement intended to operate as a discharge *in presenti* or is it an agreement for a discharge to become effective *in futuro?* If this was a mere agreement to discharge, and that discharge was to be effected by some future act of the plaintiff, then it could not be pleaded as a bar to this action.

Why is it an agreement not to sue? Is there anything in the language conveying such an idea? It wants a seal, therefore it means something entirely different from what it would mean if a seal were attached thereto! It is admitted, if it had a seal it would be a good technical release. Wanting a seal, it is a covanent not to sue; in other words, it is a covanent not to sue, because it is no covenant at all. It means what the language does not express, because it has no seal!

A sealed instrument imports consideration, an unsealed instrument must express it. The true test in either case is, does the instrument express an executed or an executory contract. The one cannot be pleaded in bar, the other may.

*Moore & Welty* for Respondent.

The endorsements, it is contended by appellants, are a release and discharge of Hayward and Wolcott, two of the joint makers of said note, and constitute a complete bar to this action as to any of said defendants. If these endorsements had been executed under seal, possessing the qualities and formation of a technical release, then the position assumed by appellants would undoubtedly be correct, for no principle of law is better settled than this; that a release of one of two or more joint, or joint and several debtors, is a discharge of all; but, says the law, "the release must be a technical one, under seal, to have this effect." Upon this point the authorities are numerous, uniform and conclusive. The following are referred to : Frink *v.* Green, 5 Barb. N. Y. R., p. 455; Dezing *v.* Bailey, 9 Wend., p. 336; Shaw *v.* Pratt, 22 Pick, 305; Rawley *v.* Stoddard, 7 John, 207; Jackson *v.* Stockhouse, 1 Cowen, 122; Smith *v.* Bartholomew, 1 Met., 276 ; Ruggles *v.* Patten, 8 Mass., 480; Dillingham *v.* Estell, 3 Dana, Ky., 21.

Judge Story remarks in his learned treatise on promissory notes, § 410, p. 540 : "But a mere parol release of the maker, without payment, will be no discharge or satisfaction thereof even as to himself, for *by our law, a release to be effectual must be under seal.* Neither will it be any discharge or release of a joint maker, or joint endorser, that the other maker or endorser has paid his share of the note, and thereupon he has been by parol discharged by the holder from any further

payment thereof." In support of this point, the author cites the following cases : Ruggles v. Patten, 8 Mass., 480 ; Hamson v. Close, 2 John., 447 ; Dezing v. Bailey, 9 Wend., 336 ; Chandler v. Kerrick, 19 John, 129.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

A release of one joint debtor is a release of the others, but it must be a technical release under seal.

The entries on the back of the note in this case, can only operate as receipts for so much money ; because the payment of part of a debt is not good to discharge the debt, even if it be agreed on.

Nor can this position be affected by the fact, that the part-payments were made before the debt was due ; they were not accepted in payment of the whole debt ; the entries simply disclose the intention of the holder to look to the other makers for the remainder of the money.

Judgment affirmed.