## DROVER'S NATIONAL BANK OF UNION STOCK YARDS
### v.
## M. J. O'HARE.

1. AGENCY—PRINCIPAL TRACING PROPERTY.—So long as money or property belonging to the principal or the proceeds thereof may be traced and distinguished in the hands of the agent or his representatives or assigns, the principal is entitled to recover it, unless it has been transferred for value without notice.

2. SAME.—The proceeds of plaintiff's property were deposited by his agents with the defendant bank for transmission to the Henry Bank *for the use of plaintiff* (such fact appearing on the ticket accompanying the deposit) and the defendant bank transferred these funds to the Northwestern Bank for transmission to the Henry Bank, withholding all indications of the trust character impressed upon such funds. The Henry Bank failing the Northwestern Bank applied such funds to its indebtedness against the Henry Bank. Plaintiff brings an action for money had and received against defendant bank. *Held*, that the defendant bank is liable.

3. PLEADING.—Privity of contract between defendant and plaintiff is not indispensable to a recovery in this action for money had and received.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed January 6, 1886.

Messrs. SLEEPER & WHITON, for appellant; that there being no privity of contract between defendant and plaintiff, he can not maintain an action at law against defendant, cited Hall v. Carpen, 27 Ill. 386; Carpen v. Hall, 29 Ill. 512; Trumbull v. Campbell, 3 Gilm. 502; Miller v. Whipple, 1 Gray, 321; Reed v. Savings Bank, 127 Mass. 295; Ross v. Milne, 12 Leigh, 204; Savings Bank v. Ward, 100 N. S. 195; Wharton on Contracts, §§ 784.

Mr. P. L. O'MEARA, for appellee; that if money is to be transmitted to a distant place a trustee may do so through the medium of a responsible bank, but he must give notice to all persons whom he employs that he transmits said money as trustee, and if he neglects this precaution he will be responsi-

ble for any loss, cited Wren v. Kerton, 11 Ves. 380 ; Routh v. Howell, 3 Ves. 566; Mossey v. Bauner, 1 J. & W. 247 ; Knight v. Plymouth, 1 Dick. 120 ; 1 Perry on Trusts, 406.

A trustee may deposit money temporarily in some responsible bank or banking house, but he will be liable for the money in case of failure of the bank or for its depreciation if he deposit it to his individual credit and not as trustee : Perry on Trusts, 2d Ed. 443 ; Routh v. Howell, 3 Ves. 226 ; *ex parte* Attorney Gen'l v. Randall, 21 Vin. Ab. 554; Mathews v. Brice, 6 Beav. 239 ; Perry on Trusts, 2d Ed. Par. 444 ; Mossey v. Bauner, 1 J. & W. 241 ; Wren v. Kerton, 11 Ves. 377 ; Mason v. Whitehorn, 2 Cold. 242.

If the *cestui que trust* is unable to trace the trust money into the hands of other persons or elects not to do so, he may proceed personally against the trustee : Oliver v. Piatt, 3 How. 333; Flagg v. Mann, 3 Summ. 486; Hawkins v. Hawkins, 1 D. R. & S. M. 75 ; Perry on Trusts, 2d Ed. 839, 843 ; Freeman v. Cook, 6 Ired. 379; Norman v. Cunningham, 5 Grat. 72 ; Roberts v. Mansfield, 38 Ga. 452; Tathrop v. Bampton, 31 Cal. 17 ; Calhoun v. Barnett, 40 Miss. 59.

He may proceed against the trustee as against an ordinary debtor : Tathrop v. Bampton, 31 Cal. 17 ; 1 Perry on Trusts, 444.

An action at law will lie: Ed. v. Botts, 13 L. J. (N. S.) 156; 7 M. & Y. 590 ; Dias v. Brunels, 24 Wend. 9; McCrea v. Purmount, 1 Story's Eq. 444; 16 Wend. 460; N. Y. Ins. Co. v. Router, 24 Wend. 505 ; 4 Yerg. 57; Hull v. Harris, 12 Ired. 29, 289 ; 2 Perry on Trusts, 843.

This was an action for money had and received brought by appellee, O'Hare, against the appellant. There was a trial before the court without a jury, at which the finding and judgment were for plaintiff in the sum of $1,129.50 from which the defendant appealed.

The plaintiff residing at or near Mineral Point, Wis., and being the owner of a lot of steers, shipped and consigned them, April 10, 1884, from that place to Bensley Bros., commission merchants at Chicago, to be sold by the latter for the former on commission ; that the latter received and sold the steers

April 11, 1884, the proceeds of which sale amounted to $1,053.16 over and above commissions. It appears that plaintiff had directed Bensley Bros. to send the proceeds to him by sending same to the Henry Bank at Mineral Point; that on said April 11, 1884, Bensley Bros. made a deposit of said proceeds in the defendant's bank, accompanying the same with a ticket, showing upon its face that such deposit was to be to the credit of the Henry Bank, for the use of M. J. O'Hare (the plaintiff). April 11, 1884, the Henry Bank failed, and the evidence tends to show that the plaintiff used all the diligence practicable to trace out and protect said funds, and April 13, 1884, directed defendant to send them by express to him at Mineral Point. This was by telegram received by defendant April 14, 1884. But it appears that April 12, 1884, the defendant, by check, transferred the same amount to the Northwestern National Bank to the credit of the Henry Bank, but made no mention that the funds were for the use of O'Hare or anybody else beside said Henry Bank, and said Northwestern National Bank applied the amount to its indebtedness against the Henry Bank. The defendant bank refused to pay any amount to plaintiff, claiming that it was discharged by such transfer over to said Northwestern Bank. There was no evidence tending to show that such transfer was by direction of plaintiff.

McALLISTER, J. It is a well settled principle that so long as money or property belonging to the principal, or the proceeds thereof, may be traced and distinguished in the hands of the agent or his representatives or assigns, the principal is entitled to recover it, unless it has been transferred for value without notice. Van Allen v. American National Bank, 52 N. Y. 1, and authorities there cited.

When the proceeds of plaintiff's property were deposited by his agents with the defendant, an " ear mark " was given to the funds, which clearly indicated that they were impressed with a trust, and that plaintiff was the *cestui que trust*. The deposit was for transmission to the Henry Bank, at Mineral Point, Wisconsin, for the use of M. J. O'Hare, the rightful

Drover's National Bank of Union Stock Yards v. O'Hare.

owner of the money, as the proceeds of his property converted into money. Under those circumstances, the defendant bank would have had no right to appropriate such proceeds by applying them to the payment of any debt the Henry Bank might be owing it. Baker v. New York Nat. Ex. Bank, Eastern Reporter, Vol. 2, p. 153, decided by the New York Court of Appeals, October 6, 1885.

When the defendant attempted to transfer these funds to the Northwestern National Bank, for, or by way of transmitting them to the said Henry Bank, it withheld all indications of the trust character impressed upon them in its hands, or that plaintiff was the real owner thereof, or anywise interested therein. We are of opinion that such a transfer, by the defendant, should not be held to operate as a discharge of the defendant as respects the proceeds of plaintiff's property so received by the defendant, and impressed with a trust in favor of plaintiff. The rights of the latter, as it seems to us, were in no respect affected thereby. The defendant has, therefore, received money belonging to the plaintiff, which it must be deemed to have retained, against equity and good conscience. Privity of contract between defendant and plaintiff is not indispensable to a recovery in this action for money had and received. Eagle Bank v. Smith, 5 Conn. 71; Mason v. Waite, 17 Mass. 560; Hall v. Marston, Id. 575; Dickson v. Cunningham, Mart. & Yerg. 203.

We think the evidence supports the judgment, and perceiving no error of law it will be affirmed.

Affirmed.