## State National Bank v. C. H. Payne.

1. MONEY HAD AND RECEIVED—*Action for, Equitable in its Nature.*— An action for money had and received by one person for the use of another is of an equitable character and lies whenever the defendant has money which, *ex equo et bono*, belongs to the plaintiff.

2. SAME—*Trust Moneys—Action for, by the Cestui Que Trust.*—D., who was indebted to C. in the sum of $100, mortgaged property to P., and afterward, by his direction, sold a portion of the mortgaged property, with the intention of applying it on the mortgage debt, and received checks on a bank for the property, payable to his order. On presenting the checks for payment, an officer of the bank claimed payment of the $100 owing to C. D. informed the bank of the facts, stating that the money was not his, but afterward tacitly agreeing thereto, the bank paid him the balance on the checks. *Held*, that P. could recover the $100 from the bank in an action for money had and received to his use.

Memorandum.—Assumpsit. In the Circuit Court of Sangamon County, on appeal from a justice of the peace; the Hon. ROBERT B. SHIRLEY, Judge, presiding; trial by jury; verdict and judgment for plaintiff; appeal by the defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

CONNOLLY & MATHER, attorneys for appellant.

JAMES E. DOWLING, attorney for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This suit was commenced by appellee before a justice of the peace and on appeal to the Circuit Court the verdict and judgment were in his favor.

The evidence clearly tends to show that in April, 1893, W. B. Diggs, who then owed one Cooke $100, executed to appellee a chattel mortgage upon certain live stock and grain, including twenty-five acres of growing wheat, to secure a note to him for $800 due one day after date with interest at six per cent per annum. In the following fall when it was being threshed, he turned it over to appellee, who was on the ground and arranged to pay the threshers, to apply on the mortgage debt. As his agent and by his direction, Diggs sold it to the elevator company in Springfield, receiving therefor its two checks on the bank payable to himself for $154. When he presented them for payment, Mr. Jones, the father-in-law of Cooke, who claimed the $100 that the latter had loaned to Diggs, and who was an officer of the bank, demanded, after the checks were presented, that he should pay that debt out of the money for which they were drawn. Diggs then told him he could not do so because that money belonged to appellee, but would pay it soon out of the proceeds of other sales, and left the bank. Within an hour he again appeared at the counter, where Jones told Pierik, who was then acting as paying teller, that Diggs agreed he (Jones) should have credit for $100 and to pay him (Diggs) the balance. Pierik asked Diggs if that was right, and receiving no reply, paid him $54 and some cents, which he took and went out. Some time thereafter appellee went to the bank and demanded this $100, which was refused, and thereupon he brought this suit to recover it.

The defense is that the bank is not liable because there was no privity between it and appellee. This action is for money had and received by appellant for use of appellee, which is of an equitable character and lies wherever the defendant has money which, *ex equo et bono*, belongs to the plaintiff. In this case, though the legal title to the money was in Diggs, if the bank, through its officer, Jones, who received it, had notice that it was impressed with a trust in the hands of the party from whom he received it, we understand that the *cestui que trust* may recover it in this action

at law as well as in equity. Whether it be so because in such a case no proof of privity between the parties is required, as held in Drovers National Bank v. O'Hara, 18 Ill. App. 182, or because the law always and conclusively implies it, as seems to be held in Havana Press Drill Co. v. Ashurst, 148 Ill. pp. 137 *et seq.* (140), the consequence is the same.

It is claimed that the case of Hall v. Capen, 27 Ill. 386 (and Capen v. Hall, 29 Ill. 512), is on all fours with the one at bar, and directly against the ruling in it. We see no analogy in fact or principle between them. There the defendants had no notice nor any ground for a suspicion that the money in question which he received belonged to the plaintiff, or was not the money of the party from whom he received it. The Supreme Court said it was his and not the plaintiff's. Here the defendant, when it received it, had full and distinct notice that it was the plaintiff's and not Diggs'. The difference could not be wider or more radical. We think the case of O'Hara, *supra*, affirmed in 119 Ill. 646, is decisive of this, and required the ruling of the court below on the instructions asked, which only is here assigned for error. Judgment affirmed.